**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NATALIE HENDERSON,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1369** |
| **META PLATFORMS, INC.,**<br>**Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is an objection[1] filed by Plaintiff Natalie Henderson to a Report and Recommendation[2] issued by the assigned Magistrate Judge on Plaintiff's Complaint.[3]

## BACKGROUND

Plaintiff, *pro se*, filed this complaint *in forma pauperis* on June 25, 2026.[4] In the original complaint, Plaintiff brought a claim against Defendant, Meta Platforms, Inc. based on state law negligence.[5] Plaintiff alleged that she is an artist, model, and social-media content creator who has used Instagram, a Meta platform, in connection with her music, modeling, public persona, and online income-generating activity.[6] Plaintiff alleged that she and her autistic son had been subjected to a pattern of online harassment by several Instagram accounts.[7] Plaintiff's own account name is "Slimdabodylast,"[8] and Plaintiff alleged many of accounts harassing her were doing so by impersonating her account and creating false associations with her.[9] For example, Plaintiff alleged accounts

[1] R. Doc. 11.
[2] R. Doc. 10.
[3] R. Doc. 1.
[4] *Id.*
[5] *Id.* at pp. 9-10.
[6] *Id.* at ¶ 2.
[7] *Id.* at ¶11.
[8] R. Doc. 5-2 at p. 1.
[9] R. Doc. 1 at ¶ 14.

with similar usernames like "slimdabodylast2.0" or "slimdabodylast2.5" were posting edited, disparaging images of Plaintiff's own likeness on their accounts, available for other Instagram users to see, in order to humiliate and harass her.[10] Plaintiff alleged these accounts also engaged in a harassment campaign against her autistic son Gavin, making several posts mocking her son's disability.[11] Plaintiff alleged that she reported these accounts but that Meta failed to take action, and instead restricted or penalized Plaintiff's own account.[12] Plaintiff alleged that Meta failed to exercise reasonable care in its lack of adequate response to repeated reports of impersonation and harassment of Plaintiff and her son.[13] Plaintiff sought $100,000,000 in compensatory damages.[14]

The Magistrate Judge issued a show cause order on July 10, 2026, directing Plaintiff to show cause why her complaint should not be dismissed for failure to state a claim because "[it]t appears that Mrs. Henderson's claims are barred by Section 230 of the Communications Decency Act of 1996."[15] The Magistrate Judge quoted a portion of the Communications Decency Act of 1996, 47 U.S.C. § 230(c)(1), which provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and noted the statute appears to bar Plaintiff's state law claims insofar as Plaintiff seeks to hold Meta liable for the harassing content of third-party individuals published on Meta's platform.[16]

---

[10] *Id.* at ¶¶ 14-15.
[11] *Id.* at ¶¶ 16-17.
[12] *Id.* at ¶¶ 7-10.
[13] *Id.* at ¶ 45.
[14] *Id.* at p. 11.
[15] R. Doc. 3 at p. 2.
[16] *Id.* at p.3 (quoting 47 U.S.C. § 230(c)(1)).

Plaintiff filed a response to the Magistrate Judge's show cause order, asserting two additional claims against Meta.[17] First, Plaintiff asserts copyright infringement against Meta, claiming that her "Slimbdabodylast" is a federally registered copyright and as such, "the case also involves alleged unauthorized use of Plaintiff's protected works and identity."[18] Plaintiff does not provide additional factual allegations but, when read together with her original complaint, Plaintiff appears to allege that the accounts impersonating her by using her name and likeness on their own account pages infringed upon her copyright, and that Meta allowed this to occur. Plaintiff asserts this is an "independent basis of relief" that involves more than a "generalized complaint[] regarding third-party speech," such as is barred by Section 230.[19] Second, Plaintiff, who is African-American, asserts, in her demand letter to Meta attached to her response to the show cause order, that Meta monetized White content creators' salacious photos while demonetizing Plaintiff's salacious photos.[20] Thus, Plaintiff brings three distinct causes of action against Defendant, based on (1) state law negligence, (2) federal copyright infringement, and (3) race discrimination.

The Magistrate Judge, in her Report and Recommendation, recommended dismissal of all three of Plaintiff's claims for failure to state a claim.[21] As to the state law claims, the Magistrate Judge concluded that 47 U.S.C. § 230(c)(1) bars Plaintiff's state law claims against Meta.[22] As to the second cause of action, the Magistrate Judge found that Plaintiff failed to allege any facts showing that Meta caused or induced the copyright

---

[17] R. Doc. 5.
[18] *Id.* at p. 2.
[19] *Id.*
[20] R. Doc. 5-2 at p. 2.
[21] R. Doc. 8.
[22] *Id.* at pp. 4-5.

infringement, or that Meta had a direct financial interest in the infringing activity for a vicarious copyright infringement claim.[23] As to the third cause of action, the Magistrate Judge found Plaintiff's mere opinion, without more facts, that Meta discriminated against her on the basis of her race, was not sufficient to state a claim for race discrimination under 42 § U.S.C. 1981.[24]

## LEGAL STANDARD

Courts have a duty to screen initial filings to independently assess the merits of a complaint filed by a litigant requesting to proceed *in forma pauperis* and to dismiss claims as frivolous that have no arguable basis in law or fact.[25] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[26]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[27] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual

---

[23] *Id.* at p. 6.
[24] *Id.* at p. 7.
[25] 28 U.S.C. § 1915A; 28. U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).
[26] *Neitzke*, 490 U.S. at 327.
[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[29] *Id.*

conclusions will not suffice to prevent a motion to dismiss."[30] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[31]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[32] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[33] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[34]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[35] "To the extent that an *in forma pauperis* complaint fails to state a claim because it lacks even an arguable basis in law, Rule 12(b)(6) and section 1915(d) both counsel dismissal."[36] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) frivolousness standard is not."[37]

A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those

---

[30] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[31] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[32] *Twombly*, 550 U.S. at 555.
[33] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[34] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[35] *Neitzke*, 490 U.S. at 327.
[36] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).
[37] *Id.*

recommendations are not clearly erroneous.[38] However, when a party makes "specific, written" objections to the report within fourteen days after being served with a copy of the magistrate judge's recommendations, the district court must undertake a *de novo* review of those contested aspects of the report.[39] "In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found."[40] "An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."[41] However, a document filed *pro se*, including an objection to a magistrate judge's report and recommendation, is to be liberally construed.[42] If a party makes a specific objection, the Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[43]

## LAW AND ANALYSIS

### I. Plaintiff's state law claims are barred by § 230 of the Communications Decency Act.

Section 230 of the Communications Decency Act ("CDA") provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."[44] It continues, "[n]o cause of action may be brought and no liability may be imposed under

38 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).
39 *Id.*
40 *Peterson v. Day*, No. CV 21-2027, 2022 WL 16758322, at *2 (E.D. La. Nov. 8, 2022).
41 *Id.*
42 *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).
43 Fed. R. Civ. P. 72(b)(3).
44 47 U.S.C. § 230(c)(1).

any state or local law that is inconsistent with this section."[45] As stated in Plaintiff's original complaint, she seeks to hold Meta liable under a state law cause of action for negligently failing to restrict third party accounts whose owners were harassing her.[46] The Magistrate Judge noted, "Ms. Henderson's claims that Meta should be liable for the harassing posts of third-party individuals and accounts on Instagram seems to be exactly the kind of lawsuit contemplated by § 230."[47] Indeed, as the Fifth Circuit has explained, "[p]arties complaining that they were harmed by a Web site's publication of user-generated content have recourse: they may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online."[48]

Plaintiff, in her objection to the Magistrate Judge's Report and Recommendation, states for the first time that "Plaintiff's lawsuit does not seek to hold Meta liable as a passive publisher of third-party speech."[49] This statement appears to contradict her previous claim for relief against Meta based on state law negligence claim for the harassing content posted by other Instagram users. In any case, Plaintiff nowhere specifically objects to the Magistrate Judge's finding that Plaintiff's state law claim is barred under Section 230. The Court finds the Magistrate Judge's finding not to be clearly erroneous and will adopt the Magistrate Judge's Report and Recommendation with respect to this claim.

---

[45] *Id.* § 230(e)(3).
[46] R. Doc. 1 at ¶ 46.
[47] R. Doc. 5 at p. 3.
[48] *Doe v. MySpace, Inc.* 528 F.3d 413, 419 (5th Cir. 2008).
[49] R. Doc. 11 at p. 2.

## II. Meta is not liable for secondary copyright infringement because Plaintiff did not comply with the provisions of 17 U.S.C. § 512.

Plaintiff does not specify whether she sues Meta for direct copyright infringement or for secondary copyright infringement, either in her original complaint or her response to the show cause order. However, she clarifies that she is suing Meta under a theory of secondary copyright infringement in her objection to the Magistrate Judge's Report and Recommendation.[50] This Court will conduct a *de novo* review of the Magistrate Judge's finding that Plaintiff's claim for copyright infringement should be dismissed for failure to state a claim.

The Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, prohibits Plaintiff's claim. It provides, in relevant part,

> "A service provider shall not be liable for monetary relief . . . for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider
>
> (i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
>
> (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent . . ."[51]

Plaintiff never notified Meta that her online persona "Slimdabodylast" was a registered copyright. In her objection to the Magistrate Judge's Report and Recommendation, Plaintiff admits that she did not use Meta's designated copyright report mechanism and that she did not include the word "copyright" in her demand letter to Meta.[52] Thus, Meta had no actual knowledge that Plaintiff claimed her copyright was being infringed, and Defendant alleges no facts that suggest Meta should be aware of facts of circumstances to

---

[50] *Id.*
[51] 17 U.S.C. § 512 (c)(1)(A)(i-ii).
[52] R. Doc. 11 at pp. 2-3.

put it on constructive notice of such copyright infringement. Furthermore, the DMCA also provides, in relevant part, that any "notification of claimed infringement must be a written communication provided to the designated agent of a service provider," and that a "notification from a copyright owner or from a person authorized to act on behalf of the copyright owner that fails to comply" with this designated agent requirement "shall not be considered . . . in determining whether a service provider has actual knowledge or is aware of facts or circumstances from which infringing activity is apparent."[53] Courts have determined that a social media website's separate copyright infringement reporting channel is considered a "designated agent" for purposes of this section, and that failure to report via that channel may bar a plaintiff's claim for secondary copyright infringement.[54] In this case, Plaintiff admits that she did not file her reports to Meta via its designated copyright infringement reporting channel. Therefore, under the DMCA, she cannot prove that her demand letter notice gave Meta either actual or constructive knowledge of the copyright infringement. This Court will thus adopt the Magistrate Judge's conclusion that Plaintiff has failed to state a claim for copyright infringement.[55]

## III. Meta is not liable for race discrimination under 42 U.S.C. § 1981 because Plaintiff did not allege sufficient facts to show that Meta was motivated by her race.

Plaintiff alleges race discrimination for the first time in her demand letter to Meta, attached to her response to the Magistrate Judge's show cause order.[56] She states, "I see

---

[53] 17 U.S.C. § 512 (c)(3)(A); 17 U.S.C. § 512 (c)(3)(B)(i).
[54] *See* Cook *v. Meta Platforms Inc.*, No. 4:22-CV-02485-YGR, 2023 WL 6370891, at *2-3 (N.D. Cal. Jan. 4, 2023).
[55] The Magistrate Judge reached this conclusion through different reasoning: that Plaintiff failed to allege sufficient facts demonstrating Meta received a direct financial benefit from the infringing activity as required by one of the elements of a vicarious copyright infringement claim. R. Doc. 8 at p. 6. This Court does not address the merits of Plaintiff's vicarious copyright infringement claim because it notes that such a claim is barred at the outset by the DMCA.
[56] R. Doc. 5-2.

white content creator [sic] upload the same salacious photos and videos on their pages thrive with being monetized without problems but my slimdabodylast page is not being monetized because of all these false allegation restrictions on my account."[57] Plaintiff does not specify in the demand letter under what statute she is suing for race discrimination. Nonetheless, in Plaintiff's objection to the Magistrate Judge's Report and Recommendation, Plaintiff specifies she is suing under 42 U.S.C. § 1981.[58] This Court will thus conduct a *de novo* review of the Magistrate Judge's finding that Plaintiff's claim for copyright infringement should be dismissed for failure to state a claim.

Federal law prohibits race discrimination in the making and enforcement of contracts, which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[59] To establish a § 1981 claim, a plaintiff must allege that "[sh]e is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute."[60] "To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."[61]

This Court agrees with the Magistrate Judge's findings on Plaintiff's § 1981 claim, worth quoting in full:

> Assuming that restricting, removing, or disabling Instagram posts could implicate a § 1981 claim, Ms. Henderson has not plead sufficient facts from which the Court could plausibly conclude that Meta intentionally restricted Ms. Henderson's account because of her race. Read generously, Ms. Henderson alleges that Meta treated white

[57] *Id.* at p. 2.
[58] R. Doc. 11 at pp. 6-7.
[59] 42 U.S.C.A. § 1981.
[60] *Jones v. City of Hutto*, 154 F.4th 332, 337 (5th Cir. 2025).
[61] *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

> and black content producers differently. At best, she invokes her opinion that Meta did so due to her race. But a subjective belief is not enough. See Nichols v. Lewis Grocer, 138 F.3d 563, 570 (5th Cir. 1998); see also Newman v. Google LLC, No. 20-CV-04011-LHK, 2021 WL 2633423, at *6 (N.D. Cal. June 25, 2021) (holding that plaintiffs' allegations that YouTube restricted and demonetized plaintiffs' videos on the basis or race but do not restrict or demonetize white creators' videos were insufficient to state a claim for race discrimination under § 1981). No facts asserted by Ms. Henderson support finding that Meta was motivated by her race.

This Court will adopt the Magistrate Judge's findings of fact and law with respect to Plaintiff's § 1981 claim.

## CONCLUSION

The Court, having considered the record, the applicable law, relevant filings, and the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's findings of facts and conclusions of law with respect to Plaintiff's claims against Meta Platforms, Inc.

**IT IS ORDERED** that Plaintiff's Complaint be **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1951(e)(2)(B).

**New Orleans, Louisiana, this 11th day of November, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**